**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6793

MORRIS J. WARREN,

Petitioner - Appellant,

v.

UNITED STATES DISTRICT COURT; MARYLAND ATTORNEY GENERAL,

Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Paula Xinis, District Judge.  (1:23-cv-03391-PX)

Submitted:  January 23, 2025                    Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Morris J. Warren, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Morris J. Warren, a Maryland inmate, seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2254 petition and denying Warren's Fed. R. Civ. P. 59(e) motion to alter or amend judgment. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Warren has not made the requisite showing. As the court explained in its order denying Rule 59(e) relief, Warren (or his attorney) would have had access to the allegedly erroneous charging indictments, which issued in 1973, and thus the relied-upon error in the filing numbers would have been known or discoverable much earlier. More broadly, any such clerical or filing error in the indictment does not support a claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining that, in order to present a credible gateway claim of actual innocence, petitioners must present "new reliable evidence—whether it be exculpatory

2

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and recognizing that "claims of actual innocence are rarely successful"), so to justify tolling the expired federal limitations period, *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (recognizing the *Schlup*-based "actual innocence" exception applies to overcome an expired statute of limitations in a federal habeas case).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*